**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ANDREW NEWHOUSE,

        Plaintiff,

v.                                          CIVIL ACTION NO.  2:25-cv-00616

MEGAN D. DAVIS, M.D.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendant Megan Davis's Motion to Dismiss* (Document 14), *Defendant Megan D. Davis's Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint* (Document 15), the *Response in Opposition to Defendant's Motion to Dismiss and Memorandum in Support of Motion* (Document 17), and *Defendant Megan D. Davis's Reply in Support of Motion to Dismiss Plaintiff's Complaint* (Document 19), as well as the *Complaint* (Document 1).

**FACTUAL ALLEGATIONS**

The Plaintiff, Andrew Newhouse, a West Virginia citizen, initiated this action on October 16, 2025, and named as the Defendant, Megan D. Davis, M.D., who is licensed by the State of Massachusetts and the West Virginia Medical Board to provide medical care in the field of radiology. The Plaintiff asserts that the Defendant is a resident of Massachusetts and has a principal place of business located in Andover, Essex County, Massachusetts.

The Plaintiff alleges that on or about October 13, 2019, he arrived at the emergency room at Charleston Area Medical Center hospital ("CAMC"), in Charleston, West Virginia. He complained of a fever and headache and "reported the headache as bitemporal, as well as pain to the base of his neck, associated with" nausea and intermittent vomiting. (Compl. at ¶ 6.) A CT scan of the head/brain without contrast was performed the same day. The scan was read as showing "no acute intracranial abnormalities," and was signed by the Defendant. (*Id.* at ¶ 7.) The Plaintiff was diagnosed with pneumonia and discharged. Around October 17, 2023, the Plaintiff arrived at the CAMC emergency room complaining of severe headaches, as well as nausea and vomiting. A CT scan of his head/brain revealed an abnormal mass, and when compared with the 2019 CT scan, it was discovered that the same mass was present on October 13, 2019. Because of a lack of diagnosis in 2019, the tumor mass grew, causing the Plaintiff "to have frequent headaches, vision problems, hormone insufficiency, diabetes insipidus, as well as other endocrine issues requiring surgery and medications." (*Id.* at ¶ 14.)

The Plaintiff states a claim of Medical Professional Liability. The Defendant moved to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(1) raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it. A district court, pursuant to 28 U.S.C. § 1332, has original jurisdiction of all civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. §1332(a). Generally, every defendant must be a citizen of a state different from every plaintiff

2

for complete diversity to exist.   When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the Court may consider evidence outside the pleadings to determine the proper disposition of the motion.   *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982.)   The burden of proving subject matter jurisdiction is on the party invoking federal jurisdiction. *Id.*

## DISCUSSION

The Defendant argues that the Plaintiff's claim should be dismissed for lack of subject matter jurisdiction.   She argues that the Plaintiff's allegations fail to establish jurisdiction because he alleges that the Defendant is a resident of, and professionally licensed in, Massachusetts, rather than domiciled there.   Additionally, the Defendant asserts that the Plaintiff's allegations relating to her "principal place of business" are inapplicable because she is an individual, not a corporation. The Defendant contends that the Plaintiff's allegations are factually incorrect because she was domiciled in West Virginia when this action was filed.   To demonstrate her domicile, she submits an affidavit stating that she lives in Charleston, West Virginia, has a West Virginia driver's license, has a personal vehicle registered in West Virginia, is registered to vote in West Virginia, files West Virginia resident income tax returns, receives her mail in West Virginia, and has banking and financial accounts established under her West Virginia address.[1]   The Defendant argues that the Plaintiff has not provided any evidence demonstrating that diversity exists and instead "asks the Court to presume that she may not intend to remain in West Virginia, which is legally insufficient."

---

[1] In addition, the Defendant states in her affidavit that although she holds a medical license in Massachusetts, she has never resided in Massachusetts and does not intend to make Massachusetts her home or domicile.   She states that her employer's office is in Massachusetts but that she does not physically perform work there and instead performs work remotely from her home in Charleston, West Virginia.

3

(Def.'s Reply at 1.)   Lastly, the Defendant argues that the Plaintiff's claim should be dismissed pursuant to Rule 12(b)(6) because it is time-barred by the applicable statute of limitations.

The Plaintiff argues that he has alleged facts sufficient to establish the Defendant's citizenship in Massachusetts, "include[ing] the Defendant's residence, licensure status, and employment location." (Pl.'s Resp. at 6, citing Compl. at ¶¶ 3-4.)   To demonstrate domicile, the Plaintiff attached several exhibits demonstrating that the Defendant is licensed by the Massachusetts Board of Medicine and the West Virginia Board of Medicine, that "she reported her 'primary practice location' as Lowell, Massachusetts and Andover, Massachusetts," that her employer, Commonwealth Radiology Associates, is located in Andover, Massachusetts, whose practice she joined in 2023, and that the Lowell, Massachusetts, address is for Lowell General Hospital, where the Defendant was served.   (*Id.* at 6-7.)   The Plaintiff further argues that although the Defendant makes several assertions in her affidavit as it relates to her being domiciled in West Virginia, "[a]t this stage, Plaintiff is unable to challenge these assertions to establish diversity jurisdiction without the benefit of discovery on these facts." (*Id.* at 7.)   He asserts that whether the Defendant intends to make Massachusetts her home cannot be "decided by her statement alone." (*Id.*)   Relying on *Vandevander v. Jimenez*, No. 3:11-CV-85, 2011 WL 13240040 (N.D. W. Va. Dec. 5, 2011), the Plaintiff contends that because the Defendant was licensed in Massachusetts in 2022 and joined a practice there in 2023, there is "at least a presumption raised regarding Dr. Davis's intent to make Massachusetts her home state." (*Id.* at 8.)   Lastly, the Plaintiff argues that his claim is not time barred.

As the Fourth Circuit has explained, "state citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile, and the existence of such

4

citizenship cannot be inferred from allegations of mere residence, standing alone." *Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660, 663 (4th Cir. 1998) (internal citations omitted). "As courts of limited jurisdiction, [federal courts] are constitutionally limited from 'inferr[ing] argumentatively' that a person's residency is her domicile." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 195 (4th Cir. 2017).

"Domicile requires physical presence, coupled with intent to make the State a home." *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008); *see also Scott*, 865 F.3d at 195 (explaining that "[w]hether a person is a domiciliary turns on the individual's intent" and that "[a] resident intends to live in the place for the time being and a citizen has an intention to remain in the state indefinitely"). "When citizenship is questioned, a court must make an individualized inquiry relying on certain factors." *Scott*, 865 F.3d at 195. Such factors include "voter registration; current residence; the location of real and personal property; location of bank and brokerage accounts; membership in clubs, churches, or other associations; place of employment or business; driver's license and automobile registration; and the state to which a person pays taxes." *Id.* (citing 12 Fed. Prac. & Proc. Juris. § 3612 (3d ed. 2009)). None of these factors alone is dispositive. *Id.*

The Court finds that the Plaintiff has not sufficiently alleged and has failed to demonstrate that the Defendant's domicile is Massachusetts. The Plaintiff alleges in his complaint that "Defendant Megan D. Davis, M.D., is a resident of Massachusetts."[2] (Compl. at ¶ 4.) However,

---

[2] The Plaintiff alleges that the Defendant has "a princip[al] place of business located in Andover, Essex County, Massachusetts." (Compl. at ¶ 4.) However, such an allegation is insufficient to establish jurisdiction given that the Defendant is an individual and not a corporation. *See Bloom v. Library Corp.*, 112 F.Supp.3d 498, 502 (N.D. W. Va. 2015) (explaining that "[a]n individual is a citizen of the state in which he or she is domiciled" while "a corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business.") (citations omitted); *see also* 28 U.S.C. § 1332(c)(1).

as previously indicated, allegations of a person's residence alone are insufficient to demonstrate a person's citizenship for purposes of diversity jurisdiction, which must be based on the person's domicile. *See Axel Johnson, Inc.*, 145 F.3d at 663. Moreover, the Defendant, in a sworn affidavit, states that she resides in Charleston, West Virginia, has a West Virginia driver's license, is registered to vote in Kanawha County, West Virginia, files West Virginia resident income tax returns, has a vehicle registered in West Virginia, receives her personal mail in West Virginia, and maintains her personal banking and financial accounts using her West Virginia address. (Def.'s Mot., Exhibit A.) She further states that she "do[es] not reside in Massachusetts," has "never resided in Massachusetts, do[es] not intend to make Massachusetts [her] home, and do[es] not consider Massachusetts to be [her] domicile." (*Id.*) Additionally, the Defendant states that although she is licensed in Massachusetts and her employer is located in Massachusetts, she does not physically work in Massachusetts and instead works remotely from her home in Charleston, West Virginia.

The Plaintiff, relying on *Vandevander v. Jimenez*, No. 3:11-CV-85, 2011 WL 13240040 (N.D. W. Va. Dec. 5, 2011), argues that the Defendant's domicile cannot be based on her statements alone and further points to the Defendant's Massachusetts license and her employment in Massachusetts as raising a presumption regarding her "intent to make Massachusetts her home state." (Pl.'s Resp. at 8.) However, the Court finds *Vandevander* to be distinguishable. The court in *Vandevander* found the defendant's domicile to be West Virginia rather than Maryland because although he made sworn statements that his domicile was Maryland, those statements were inconsistent with his conduct and the facts, which indicated that he intended West Virginia to be his domicile. *See Vandevander v. Jimenez*, No. 3:11-CV-85, 2011 WL 13240040, at *5

6

(N.D. W. Va. Dec. 5, 2011).   Specifically, the court found that he "used his West Virginia address, made a sworn statement in court that he was residing in West Virginia," did not demonstrate why his presence in West Virginia was temporary, and used a West Virginia phone number.[3]  *Id.*   As such, the Court gave his statements little weight in determining the defendant's domicile.   *Id.*

Unlike in *Vandevander*, the Court does not find any inconsistencies with the Defendant's sworn statements that would warrant giving them little weight.   *See id.* at *2 (explaining that "[a] party's statements about his or her domicile, particularly with regard to an intent to retain or establish one. . . are subject to judicial skepticism and accorded little weight. . . when they are *in conflict with facts or a party's actual conduct*") (emphasis added) (quotation marks and citation omitted).   The Defendant does not dispute that her employer is located in Massachusetts, or that she is licensed in that state, and her statements relating to her domicile being West Virginia are still consistent with such facts given that she stated she is working remotely in West Virginia.

Finding that the Defendant's sworn statements are not inconsistent with her conduct or any facts, and therefore should be accorded sufficient weight, the Court finds that the Defendant is domiciled in West Virginia.   Given that both the Plaintiff and the Defendant are domiciled in West Virginia, there is no diversity in this case.[4]   Therefore, this Court lacks jurisdiction, and accordingly, this case must be dismissed.[5]

---

[3] The Court further found that "[a]lthough the defendant had a Maryland driver's license, vehicle registration, and voter registration," his conduct indicated that he intended West Virginia to be his domicile and that "individuals often delay updating these documents after moving to a new state."   *Vandevander v. Jimenez*, No. 3:11-CV-85, 2011 WL 13240040, at *5 (N.D. W. Va. Dec. 5, 2011)

[4] The Plaintiff also requested that he be given the opportunity to conduct discovery as to the Defendant's domicile. However, given that there are no indications that the Defendant's statements are inconsistent with her conduct or the facts that would otherwise indicate that her domicile may not be West Virginia, the Court finds that permitting such discovery would not be fruitful.

[5] Given that the Court finds that this case should be dismissed for lack of subject matter jurisdiction, the Court does not reach the issue of whether the Plaintiff's claim is time-barred by the applicable statute of limitations.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendant Megan Davis's Motion to Dismiss* (Document 14) be **GRANTED** and that this case be **DISMISSED without prejudice**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:       August 5, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

8